IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.   NO. 1:20-CR-59

BOBBY EARL BROWNLEE
JAMIE LOGAN
STEVEN POSLEY

### ORDER

Following their indictment for conspiracy to distribute certain controlled substances, Bobby Earl Brownlee, Jamie Logan, and Steven Posley filed various motions seeking to quash the indictment and to suppress or limit the evidence that may be offered at trial. Because the Court finds the indictment sufficient and that these defendants' conclusory arguments do not support the evidentiary relief they seek, the motions will be denied.

### I
### Background and Procedural History

On October 8, 2020, a grand jury charged Bobby Earl Brownlee, Jamie Logan, Steven Posley ("Moving Defendants"), and eleven other individuals in a four-count indictment arising from a marijuana, methamphetamine, and cocaine drug trafficking organization. Doc. #1. Count One charges Brownlee and five others with conspiracy "to possess with the intent to distribute and to distribute marijuana," in violation of 21 U.S.C. § 841(a)(1) and § 846. *Id.* at 1–4. Count Two charges Brownlee, Logan, Posley, and six others with conspiracy "to possess with the intent to distribute and to distribute methamphetamine (actual) and cocaine hydrochloride (power cocaine)," in violation of 21 U.S.C. § 841 (a)(1) and § 846.[1] *Id.* at 4–7. On May 7, 2021, Brownlee,

---

[1] Counts Three and Four (neither of which name Brownlee, Logan, or Posley) are titled, respectively, "Interstate Travel in Aid of a Racketeering Enterprise" and "Money Laundering." Doc. #1 at 7, 8.

Logan, and Posley were charged with the same crimes in a superseding indictment naming them and twelve others.[2]  Doc. #192 at 1–2, 4.

On September 28, 2021, Posley filed three separate motions:  (1) a "Motion to Suppress," Doc. #355; (2) a "Motion to Quash Indictment," Doc. #358; and (3) a "Motion in in [sic] Limine to Prohibit Evidence of Other Alleged Crimes, and/or Alleged Bad Character," Doc. #361.  The same day, Brownlee and Logan[3] filed identical motions.[4]  *See* Docs. #354, #356, #359 (Brownlee motions); Docs. #353, #357, #360 (Logan motions).  The government filed a consolidated response to the motions to quash on October 8, 2021.  Doc. #375.  The same day, it also filed "Government's Motion for a More Definitive Statement (Docs #353-355 & 359-361)" asking that the motions to suppress and motions in limine be denied or, alternatively, for an order "requir[ing] the defendants to submit legal arguments and more specific factual allegations with their motions."  Doc. #374.  Brownlee, Logan, and Posley each filed a reply in support of their respective motions to quash.  Docs. #376, #377, #378.  They also filed a joint response to the government's motion for more definitive statement.  Doc. #383.

## II
## Analysis

### A.  Motions to Quash

Without citation to authority or factual evidence, the Moving Defendants seek to quash the indictment[5] on grounds that it is vague and ambiguous; it fails to contain sufficient allegations of the time and place of the commission of the alleged offense; the "method of presentation of

---

[2] The superseding indictment named an additional defendant in Count One and revised the name of another defendant from an alias to his proper name.  *See* Doc. #192.

[3] Brownlee, Posley, and Logan are represented by the same counsel.  *See* Docs. #98, #100, #102.

[4] The content of the motions is identical other than the name of the defendants.

[5] Because the motions to quash do not mention the superseding indictment at all, the Court presumes the Moving Defendants seek to quash only the original indictment.

2

evidence to the Grand Jury violated [their] rights protected by the Fifth and Sixth Amendments to the United States Constitution;" and it is based upon "unconstitutional statues [sic] and or Federal regulations, or in the alternative, said statues [sic] and or Federal regulations are unconstitutional as applied to the facts of this case." Doc. #358 at 1–2; Doc. #357 at 1–2; Doc. #356 at 1–2.

The government responds that under Fifth Circuit precedent, the indictment need not provide precise dates, "identify specific criminal acts constituting the alleged conspiracy," or "provide evidentiary details of the case in order to comply with rules governing particularity of indictments." Doc. #375 at PageID 1118–19. The government further submits that "[t]he language of the indictment in this case is nearly identical to indictments previously approved." *Id.* at PageID 1118.

In reply, Brownlee clarifies:

> The indictment fails to inform the Defendant of the offenses charged in that it fails to state whether the Defendant being [sic] charged with one or two counts of possession with intent to distribute and distribution of marijuana. Also, under Count Two of the indictment marijuana is misclassified as a Schedule II substance when it is actually a Schedule I substance. Third, Counts I and II contain different alleged co-conspirators. Due to these errors, the indictment fails to inform the Defendant of the charges against which he must defend.

Doc. #376 at 2. Logan and Posley each reply that the indictment "fails to state whether the Defendant is also being charged with possession of marijuana" and misclassifies marijuana as a Schedule II substance. Doc. #377 at 1–2; Doc. #378 at 1–2.

Because neither in their initial motions nor their replies do the Moving Defendants present any specific facts or authority to support their conclusory constitutional challenges to the grand jury proceedings or the statutes under which they are charged, such challenges cannot serve as bases to quash the indictment and are summarily rejected. *See United States v. Chagra*, 638 F. Supp. 1389, 1392 (W.D. Tex. 1986) (denying motion to dismiss indictment based upon

3

"speculative claim, unsubstantiated by any evidence"); *see also United States v. Cessa*, 861 F.3d 121, 141 (5th Cir. 2017) ("As a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendant.") (cleaned up); *United States v. Anderton*, 901 F.3d 278, 283 (5th Cir. 2018) ("Courts must indulge a presumption of constitutionality and carefully examine a statute before finding it unconstitutional."). Accordingly, the Court will only address the sufficiency of the indictment based on the elaborations in the Moving Defendants' replies.

"The Federal Rules of Criminal Procedure require that the indictment be 'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Suarez*, 966 F.3d 376, 382 (5th Cir. 2020) (quoting Fed. R. Crim. P. 7(c)(1)). "To be sufficient, an indictment must 1) enumerate each *prima facie* element of the charged offense, 2) notify the defendant of the charges filed against him, and 3) provide the defendant with a double jeopardy defense against future prosecutions." *Id.* (cleaned up).

The elements of a drug conspiracy are "(1) an agreement between two or more persons to violate narcotics laws; (2) knowledge of the agreement; and (3) voluntary participation in the agreement." *United States v. Escajeda*, 8 F.4th 423, 426 (5th Cir. 2021).

Here, Count One, which charges conspiracy "to possess with the intent to distribute and to distribute marijuana" in violation of 21 U.S.C. § 841(a)(1) and § 846, alleges that from January 2019 until August 2020, Brownlee (and five others) "would correspond with each other and with other drug traffickers to arrange the purchase and shipment of marijuana from other places, such as the State of California, into the Northern District of Mississippi" and would count, store, transport, and transfer "currency derived from the sale of controlled substances from the Northern District of Mississippi … in order to purchase more illegal drugs." Doc. #1 at 1–3. Count Two,

which charges conspiracy "to possess with the intent to distribute and to distribute methamphetamine (actual) and cocaine hydrochloride (powder cocaine)" in violation of 21 U.S.C. § 841(a)(1) and § 846, alleges that Brownlee, Logan, and Posley (and six others) "would correspond with each other and with other drug traffickers to arrange the purchase and shipment of methamphetamine and cocaine from other places, into the Northern District of Mississippi, and elsewhere;" the co-conspirators "prepared, packaged, and stored" methamphetamine and cocaine in "stash houses" prior to distribution; and they transported the controlled substances and currency derived from the sale of controlled substances within and out of Mississippi. *Id.* at 4–7.

Brownlee's argument that the indictment "fails to state whether [he is] being charged with one or two counts of possession with intent to distribute and distribution of marijuana,"[6] and the arguments of Logan and Posley that the indictment "fails to state whether [they are] also being charged with possession of marijuana,"[7] are all without merit. Count One and Count Two are both based on violations of 21 U.S.C. § 841(a)(1) and § 846. Doc. #1 at 1. Section 846 subjects "[a]ny person who … conspires to commit any offense defined in this subchapter [including § 841(a)(1)] … to the same penalties as those prescribed for the offense, the commission of which was the object of the … conspiracy." Section 841(a)(1) makes it unlawful to "distribute, … or possess with intent to … distribute, … a controlled substance." The language of these statutes in conjunction with the language of the indictment make clear that the Moving Defendants are each charged with *conspiracy* to commit specified acts prohibited by § 841(a)(1). *See United States v. Masha*, 990 F.3d 436, 443 (5th Cir. 2021) (indictment that tracks the language of the relevant statute is sufficient if those words "fully, directly, and expressly … set forth all the elements

---

[6] Doc. #376 at 2.

[7] Doc. #377 at 2; Doc. #378 at 2.

5

necessary to constitute the offense intended" to be proved). And marijuana, methamphetamine, and cocaine are indeed controlled substances for purposes of § 841(a)(1)'s application here. *See* 21 U.S.C. § 802(6) (defining "controlled substance" as "a drug or other substance … included in schedule I, II, III, IV or V"); 21 U.S.C. § 812 (listing marijuana as a schedule I substance, cocaine as a schedule II substance, and methamphetamine as either a schedule II or III substance).

With respect to the argument regarding the classification of marijuana, again, Count Two charges a conspiracy to possess with intent to distribute and to distribute methamphetamine and cocaine, "all Schedule II controlled substances." Doc. #1 at 4. Though an ending paragraph of Count Two alleges the Moving Defendants and others conspired "to possess with the intent to distribute and to distribute marijuana, methamphetamine, cocaine and cocaine base," *id.* at 7, the factual allegations in all other paragraphs of Count Two reference only methamphetamine and cocaine.[8] *Id.* at 4–7. Even if the indictment could be read as misclassifying marijuana as a Schedule II substance, there is no dispute that marijuana is a controlled substance and that 21 U.S.C. § 846 prohibits a conspiracy to commit certain acts involving controlled substances regardless of their classification.

Finally, while Brownlee argues the counts in the indictment list different co-conspirators, he does not explain why that fact makes the indictment insufficient nor does he cite any authority in support of his argument. Contrary to his position, "[a] defendant can be convicted of conspiracy without any of the co-conspirators being named in the indictment, and thus it is not necessary to identify the co-conspirators in the indictment." *United States v. Longoria*, 21 F.3d 1107, 1994 WL 171393, *3 (5th Cir. 1994) (per curiam) (internal citation omitted). Because the indictment here

---

[8] The government's consolidated response to the motions to quash also references only methamphetamine and cocaine. *See* Doc. #375 at PageID 1119.

need not name *any* of the co-conspirators, it follows that the naming of different co-conspirators does not render the indictment insufficient.

For all these reasons, the motions to quash are denied.

### B. Motions in Limine

The Moving Defendants each seek "to prohibit the prosecution from introducing any evidence of, or making any reference to, either expressly or impliedly, during either the guilt or the penalty phases" "[a]ny evidence tending to show alleged 'bad character' traits of the defendant[s]." Doc. #359 at 1; Doc. #360 at 1; Doc. #361 at 1. They argue that an in limine ruling is necessary to protect their various constitutional rights. Doc. #359 at 1; Doc. #360 at 1; Doc. #361 at 1. In its motion for more definitive statement, the government argues that the Moving Defendants' failure "to provide a memorandum of authorities and arguments consistent with an analysis of the facts at bar" renders "a comprehensive response to the motions … virtually impossible." Doc. #374 at 1. The Moving Defendants respond that their request "that the Court limit or not allow any evidence regarding any and all alleged past criminal or bad acts allegedly committed by the Defendants" is "self explanatory." Doc. #383 at 1.

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. But, although such evidence is generally inadmissible, it is admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

*United States v. Iglehart*, 687 F. App'x 333, 335 (5th Cir. 2017) (cleaned up) (quoting Fed. R. Evid. 404(b)). Because the Moving Defendants fail to identify specific evidence—as opposed to a general category of evidence—they seek to exclude and because the nature of the evidence they broadly seek to exclude has both permissible and impermissible purposes, the motions in limine are denied without prejudice. *See United States v. Moree*, 897 F.2d 1329, 1334 (5th Cir. 1990)

(district court properly denied motion to exclude character evidence where the evidence in question "would likely be admissible for other purposes").

### C. Motions to Suppress

The Moving Defendants each move to suppress "any statement made by [him] at any time, … as well as … any other evidence, item, object, or thing … taken from his person or seized from or obtained from [him], his dwelling or his vehicle, at any time in this cause." Docs. #353, #354, #355. They argue in conclusory fashion that "any statement … was obtained under conditions which were violative of [their] constitutional rights under the 4th, 5th, 6th, 8th, or and 14th amendment of the United States Constitution;" "any statement … or any other evidence … was [taken] under circumstances which did not safeguard [their] right not to speak to police authorities;" and "the Law Enforcement Officers did not possess probable cause to arrest [them] at the time [they were] detained and arrested." *Id*. at 2.

In its motion for more definitive statement, the government argues the Moving Defendants have failed to meet their burden of making specific factual allegations of illegality because their "motions [to suppress] contain only conclusory allegations that a violation occurred." Doc. #374 at PageID 1114. Alternatively, the government "requests the defendants be required to submit legal arguments and more specific factual allegations with their motions and, in turn, the Government be given appropriate time to respond." *Id.* at PageID 1115. The Moving Defendants object to the government's motion for more definitive statement because "[t]here is no rule or provision under the Federal Rules of Criminal Procedure, under the Uniform Local Rules of Criminal Procedure or under the Federal Rules of Evidence that allows the Government to seek" such relief.[9] Doc. #383 at 1.

---

[9] Despite their objection, the Moving Defendants go on to set forth facts and arguments in support of their motion to suppress. *See* Doc. #383 at 2–14. Such should have been incorporated in the motions to suppress instead of in

8

"The proponent of a motion to suppress has the burden of proving, by a preponderance of the evidence, that the evidence in question was obtained in violation of his Fourth Amendment rights." *United States v. Iraheta*, 764 F.3d 455, 460 (5th Cir. 2014). "Factual allegations must be sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. General or conclusory assertions, founded upon mere suspicion or conjecture, will not suffice." *United States v. Alvarez*, 542 F. Supp. 2d 597, 599 (W.D. Tex. 2008) (cleaned up) (citing *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983)).

Here, the Moving Defendants' motions to suppress, which contain only conclusory allegations that unspecified evidence was obtained in violation of their constitutional rights, fail to allege any facts with sufficient detail for the Court to evaluate whether their rights were violated much less conclude that any such violations occurred.[10] Accordingly, the motions to suppress are denied. However, the denial is without prejudice to the Moving Defendants filing properly supported motions to suppress which identify the specific evidence sought to be suppressed as well as specific facts and argument, including citation to legal authorities, as to why suppression would be proper.[11]

### D. Motion for More Definitive Statement

Because the Court has denied the motions in limine and the motions to suppress, the government's motion for a more definitive statement, which "requests the defendants be required

---

response to the government's motion for more definitive statement. *See United States v. Suggs*, 371 F. Supp. 3d 931, 945 (D. Colo. 2019), *rev'd on other grounds*, 998 F.3d 1125 (10th Cir. 2021) (argument not raised in the initial motion to suppress but "only raised … for the first time in [defendant's] reply brief" could be treated "as forfeited").

[10] The Moving Defendants did not request a hearing on the motions. Regardless, the Court declines to hold a hearing on the motions because the failure to "allege[] sufficient facts which, if proven, would justify relief" renders an evidentiary hearing unnecessary. *See Alvarez*, 542 F. Supp. 2d at 599.

[11] Any such motions should comply with all applicable procedural requirements of the Local Rules as well as the deadlines for the filing of motions.

to submit legal arguments and more specific factual allegations with their motions,"[12] is denied as moot.

### III
### Conclusion

Brownlee, Logan, and Posley's motions to quash the indictment [356][357][358] are **DENIED**. Their motions in limine [359][360][361] are **DENIED without prejudice**. Their motions to suppress [353][354][355] are **DENIED without prejudice**. The government's motion for more definitive statement [374] is **DENIED as moot**.

**SO ORDERED**, this 30th day of November, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[12] Doc. #374 at PageID 1115.