IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V. NO. 1:20-CR-59-6

BOBBY EARL BROWNLEE

### ORDER

Prior to his former retained counsel's disqualification by this Court, Bobby Earl Brownlee filed multiple motions seeking to suppress evidence, to otherwise preclude certain evidence from being admitted at trial, and to sever certain codefendants. Docs. #411, #412, #413, #418. Brownlee's retained counsel also filed on Brownlee's behalf a motion for reconsideration and a motion to appeal a January 4, 2022, order denying Brownlee's motion to compel the disclosure of confidential informants. Docs. #495, #500.

On August 1, 2022, following the disqualification of Brownlee's retained counsel[1] and the appointment of new counsel,[2] the Court ordered Brownlee to "advise the Court no later than August 15, 2022, whether he intends to withdraw or seek leave to supplement any of the pending motions, or whether he wants the Court to decide them as filed" and ordered that any motions for leave to supplement "must be docketed no later than August 22, 2022." Doc. #645. On August 22, Brownlee filed a motion requesting (1) leave to supplement five[3] of his six pending motions and (2) "additional time to obtain discovery documents and materials from prior counsel." Doc. #654. Brownlee represents that although his former counsel informed his appointed counsel that arrangements "would be made for her to pick of [sic] voluminous Discovery," his appointed

---

[1] Doc. #545.

[2] Doc. #631.

[3] The five pending motions identified by Brownlee are #411, #412, #418, #495, and #500.

counsel "has neither received any additional calls from [Brownlee's former counsel] nor discovery."[4] *Id.* at 1.

The day after Brownlee filed his motion to supplement and for time to obtain discovery, the Court, on the motion of one of Brownlee's codefendants, continued the trial date until November 28, 2022, and extended the pretrial deadlines accordingly. Doc. #657. Based on (1) the current pretrial deadlines, (2) Brownlee's need to obtain discovery and materials from his former counsel, and (3) this Court's conclusion that it would be most judicially efficient to consider in a single motion any matters Brownlee may raise by supplement (rather than considering the original motions and any supplementation by Brownlee) with any and all facts, arguments, and legal authorities, all of Brownlee's pending motions filed by his former counsel [411][412][413][418][495][500] are **DENIED without prejudice**. Brownlee may file new motions on the topics raised by such motions within the deadlines set by the Court's August 23 order continuing trial. *See* Doc. #657. Should Brownlee wish to renew his request for reconsideration and/or appeal of the January 4 order, his objections to the order must be filed by October 24, 2022. Accordingly, Brownlee's motion to supplement [654] is **DENIED as moot**.

**SO ORDERED**, this 23rd day of August, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Brownlee also makes representations regarding his counsel's schedule and obligations in other cases since her appointment to represent him in this case. Doc. #654 at 1–2.

2